Milligan, J.,
delivered the opinion of the Court.
*530 This is. a matter before a Justice of the Peace, against the Sheriff of Smith County, for the default of his deputy.
On the 2d of May, 1859, the defendant in error recovered, before W. B. Whitley, a Justice of the Peace for said county, a judgment against H. C. Betty, for $273.20. Execution issued thereon, 'which came to the hands of Avin Ward, the Deputy Sheriff, and upon which he collected, and failed to pay over,' about $155.
On the 8th of December, 1860, Nolen, the plaintiff in the execution, gave notice to the Sheriff, that on the 27th, same month, he would move, before the Justice, for judgment against him and his securities, on his official bond, the default of his deputy. The notice is full and explicit, and its service was duly acknowledged by the Sheriff, on the 20th of December, 1860. On the 27th following, the Justice rendered his judgment against the plaintiff in error, and Perkins and Vaden, his securities, for $155.06. Execution issued thereon, May 27, 1861, which was returned in January, 1862, indorsed: “Held np by order of the plaintiff.”. In February thereafter, an alias execution issued, which was returned, staid by the supersedeas in this cause.
Under this 'state of facts, the plaintiffs in error filed their petition on the 14th of March, 1862, in the Circuit Court of Smith County, for writs of cer-tiorari and supersedeas; upon which a fiat was granted, the same day filed, and the supersedeas three days thereafter, returnable to the November Term, 1861.
*531 The cause remained in this condition nutil November Term, 1864, when it was continued for want of a competent Court; and again at March Term, 1865, for the same cause. At the July Term following, on mo'tion, the petition for certiorari and super-sedeas was dismissed, and judgment rendered against the petitioners and their security in the prosecution bond, for $155.06, with 12! per cent, interest from the rendition of the Justice’s judgment; from which an appeal is prosecuted to this Court.
Yarious questions are presented in argument, and maintained with much plausibility; among which it is insisted, that the Justice’s papers were not filed! until July, 1865, and the cause was not, therefore,, properly in Court until that time; and the motion to dismiss, being made at the next term after the' filing of the papers, came in time. We cannot assent to this proposition. The writ of certiorari in cases like the present, as this Court has repeatedly-held, is simply a substitute for an appeal, and the granting of the prayer of the petition for certiorari, and the issuance and service of the writ, as effectually removes the cause into the Superior Court, as if it had been brought up by appeal; and it is the duty of the Justice, without delay, to return- the papers into Court. His control over the cause at once ceases, and he has no power to suspend the action of the revising tribunal, by retaining the papers in his office. The cause is regularly in Court, on the execution and return of the writ of certiorari; and if the Justice’s papers, as it is insisted in this *532 case, were necessary to contradict the petition, on a motion to dismiss, it was the duty of the defendant in .error to compel their production.
It is further insisted, that the petition shows no merits, and that the grounds upon which the certio-rari was issued, are wholly insufficient. This is certainly true. More than fourteen months elapsed from the rendition of the judgment by the Justice, before the presentation of the petition for certiorari. No sufficient excuse for the delay is shown in the petition, or reasons given for not appealing within the time prescribed by law. The certiorari and superse-deas were most manifestly improperly granted; notwithstanding, this Court, in the case of Nicks vs. Johnson, 3 Sneed, 366, has said: “It is well settled in our. practice, that if the certiorari has been improperly obtained, or upon an insufficient ground, the party against whom it is issued must, at the return term, or, at least, at the first term after the service of the supersedeas, avail himself of the objection by rule or motion to dismiss; and his failure to do so, will preclude him from objecting afterwards, that the cause stated in the petition is not sufficient, or that the case was not regularly removed into the Superior Court.”
This rule of practice is founded in sound reasoning, and all attempts at this time, to change it, are but so many efforts to unsettle the established practice in Tennessee. “The office of the writ of certio-rari” the Court says, “is simply to remove the case into the Superior Court, for a new trial, and the end *533 of the petition is to lay sufficient grounds for the issuance of the writ. At the return term, or, at least, at the first term after service of the superse-deas, it is open to the other party to show that the certiorari ought to be dismissed. If this be not done, the petition and writ of certiorari will have served their purpose; and all questions of the sufficiency of the cause stated in the petition, and as to the regularity of the removal of the cause, are concluded.”
Applying this rule of practice to the case before the Court, there can be but one result. The motion to dismiss, came too late. The fact that the war intervened, and for a time closed the Courts in Tennessee, would, perhaps, have furnished a sufficient excuse for the delay, had they not been re-opened long before the motion to dismiss was entered. The record shows, at least, two regular continuances of this cause, after the re-opening cf the Courts of the State, before the motion to dismiss was entered. And the reason assigned in the orders- of continuance, “that the Court was not competent,” furnishes no justification for not, at least, entering; the motion to dismiss.
The judgment of the Circuit Court will be reversed, and the cause remanded for a new trial oh the merits.